

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

**ATTORNEY GENERAL**

Hon. H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-901
Re: Is a constable or sheriff entitled
to the fee for arrest when he is present
and the arrest is made by the Highway
Patrol? When a person is arrested for
speeding and comes in to the office of
the justice of the peace or mails the re-
mittance what fees may be assessed?

Your request for an opinion on the above stated ques-
tions has been received by this office.

Article 1056, C.C.P., reads in part as follows:

"The following fees shall be allowed the sher-
iff, or other peace officer performing the same
services in misdemeanor case, to be taxed against
the defendant on conviction:

"1. For executing each warrant of arrest or
capias, or making arrest without warrant, two dol-
lars.

"2. For summoning each witness, seventy-five
cents.

"3. For serving any writ not otherwise pro-
vided for, one dollar.

"4. For taking and approving each bond, and
returning the same to the court house, when neces-
sary, one dollar and fifty cents.

"5. For each commitment or release, one dol-
lar.

"6. Jury fee, in each case where a jury is
actually summoned, one dollar...."

We see from this statute that each fee is allowed for
a specific service performed. If the Highway Patrol makes the
arrest and the constable or sheriff does not participate in the
arrest in any manner, he is not entitled to a fee in the case.

The constable or sheriff is only entitled to fees for services he performs as set out in Article 1065, C.C.P., supra.

On May 11, 1939, this department held in opinion No. O-778, that when a constable accompanies a Highway Patrolman and actually makes the arrest himself or participates therein, such constable would be entitled to the fees as provided for by Article 1065, C.C.P. However, if the constable merely accompanies the Patrolman when the arrest is made and does not actually make the arrest himself or participate therein, he would be entitled to no fee.

In an opinion written by Hon. Joe Sharp, Assistant Attorney General, addressed to Hon. L. O. Osborne, County Attorney, Canton, Texas, on June 14, 1937, this department held that a sheriff or constable is not entitled to any fees for any service or for making any arrest unless he actually made the arrest himself or participated therein.

On September 2, 1936, this department rendered an opinion addressed to Mr. Allen C. Wilson, County Attorney, Boerne, Texas, written by Hon. Joe J. Alsup, Assistant Attorney General, holding that the justice of the peace is unauthorized to assess as part of the costs two dollars for sheriff's fee, where the sheriff performed no services in the case.

In Opinion No. O-106, written by Hon. Claude Boothman, Assistant Attorney General, addressed to Hon. Thos. A. Wheat, County Attorney, Liberty, Texas, held that each fee allowed under Article 1065, C.C.P. is for a specific service performed and if the Highway Patrol makes the arrest and the constable does not participate in the arrest in any manner, he is not entitled to a fee in the case. The constable is only entitled to fees for services he performs as set out in Article 1065, C.C.P.

This department has repeatedly ruled that a constable or other peace officer is not entitled to charge, collect or accept fees unless he actually performed the services set out in the statute. If the constable or sheriff does not make the arrest, nor the commitment nor the release, he certainly cannot charge, collect or accept a fee for doing so. A State Highway Patrolman receives a salary from the State of Texas for his services, and there is no statutory authority in this state whereby a state Highway Patrolman may charge, collect or accept a fee from a defendant. The salary a State Highway Patrolman receives from the State of Texas is the only compensation to which he is entitled to receive for performing his duties in arresting parties charged with misdemeanors.

We quote from opinion No. O-768, written by Hon. Wm. J. Fanning, Assistant Attorney General, addressed to Hon. Esco Walter, County Attorney, Taylor County, Abilene, Texas, as follows:

"If a state highway patrolman arrests a defendant in a misdemeanor case and brings the defendant before the justice of the peace and the defendant pleads guilty and is assessed a fine, the justice of the peace should not tax an arrest fee against the defendant.

"For example, if a state highway patrolman arrests a defendant for violation of a misdemeanor statute and brings the defendant before the justice of the peace as outlined by law, and the defendant enters his plea of guilty before the justice of the peace and is assessed a fine of one dollar and costs, then this is the following amount which the defendant should be required to pay in discharge of his fine and costs, to-wit:

"One dollar fine; five dollars fee for the county attorney; four dollars, trial fee - making a total of ten dollars."

You are respectfully advised that it is the opinion of this department that a constable or a sheriff is not entitled to a fee for arrest when he is present and the arrest is made by the Highway Patrol. You are further advised that when a person is arrested for speeding and comes into the office of the justice of the peace or mails a remittance, the fees may be assessed as set forth in the preceding paragraph.

Trusting that the foregoing answers your inquiry, we remain

> Yours very truly
> ATTORNEY GENERAL OF TEXAS
> By /s/ Ardell Williams
> Ardell Williams, Assistant

APPROVED JUL 10, 1939
/s/ W. F. Moore
FIRST ASSISTANT ATTORNEY GENERAL

AW:AW:wb